IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Luis T. J. Leal, Sr., | Case No. 3:14 CV 285 |
| Plaintiff, | <u>ORDER DENYING BENEFITS</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner, Social Security, | |
| Defendant. | |

### INTRODUCTION

*Pro se* Plaintiff Luis Leal, Sr. ("Leal") filed a Complaint (Doc. 1) against the Commissioner of Social Security, seeking judicial review of the Commissioner's decision to deny Supplemental Social Security Income benefits ("SSI"). He proceeds *in forma pauperis* (*see* Doc. 5).

This Court referred Leal's case to Magistrate Judge McHargh, whose Report & Recommendation ("R&R") affirmed the Commissioner's final decision (Doc. 38). Leal objects to the R&R (Doc. 41). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate Judge's findings. This Court adopts the recommendation to deny the claim for benefits.

### BACKGROUND

The R&R accurately states the relevant factual and procedural background, and this Court adopts that recitation (Doc. 38 at 1–8). Leal, now 61-years-old, is a high school graduate who previously worked as a cable supervisor. Leal claims SSI on the basis of back, hip, and leg pain.

**STANDARD OF REVIEW**

In reviewing a denial of SSI, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Judicial review is limited to "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (internal quotation marks omitted). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)).

This Court liberally construes Leal's *pro se* pleadings. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

**DISCUSSION**

Leal's three-page Objection raises three arguments. First, he asks this Court to "disallow the R&R for the same reasons" as stated in a 2012 remand order entered by this Court (Doc. 41 at 1–2). Second, Leal claims "medical documents satisfy the effect of pain on the mental ability of the plaintiff" (*id*. at 2), and that medical records "substantiate[] the loss of concentration" affecting the jobs he can perform (*id*.). Because Leal refused the ALJ's repeated request that he undergo a consultative psychological examination (*see* AR 692–94), "there is no diagnosis of a medically determinable mental impairment in [the ALJ's] decision" (AR 524). Third, Leal argues that he is

2

"losing concentration" because his case is being "stalk[ed] . . . by parties not identified completely" and denied access to "homeland security information." The unproduced records, he explains, "substantiate the hostile environment" that prevents him from working. Leal asks this Court to "stop the instant alleged persecution by the government of the plaintiff" (*id*.). This Court rejects each argument.

In 2012, this Court remanded Leal's benefits claim to the ALJ because, in finding Leal not disabled, "[t]he ALJ did not discuss the 'advanced age' category" and related issues. *See Leal v. Comm'r of Soc. Security*, Case No. 3:08-CV-226-DAK, Doc. 46 at 5–6 (N.D. Ohio 2012). On remand the ALJ properly addressed Leal's age in reaching her decision (*see* Doc. 38 at 16–18).

Leal's pain-symptom arguments are meritless. The ALJ carefully considered relevant medical evidence and explained why that medical evidence contradicts Leal's claims of severe pain related to his back, hip, and leg issues (*see* AR 520–25). For example, the ALJ found Leal's "description of the severity of the pain [he suffers] has been so extreme as to appear implausible" (AR 523). Leal testified that in 2010 or 2011 his pain was so debilitating that he had to "crawl to the emergency room." However, medical records from that period reveal Leal "was able to ambulate around the [examination] room without difficulty, . . . could heel and toe walk, and . . . could do . . . deep knee bends" (*id*.). The ALJ also reasoned that the "type and dosage level" of Leal's pain medication (Celebrex, and, later, Aspirin) "suggest[] the symptoms are not particularly serious" (id.). Substantial evidence supports the ALJ's conclusions. *See Jones v. Comm'r of Soc. Security*, 336 F.3d 469, 477 (6th Cir. 2003).

Finally, the R&R correctly rejects Leal's hostile-environment arguments as irrelevant to his benefits claim (*see* Doc. 38 at 11–13). Leal attached a 2005 Department of Homeland Security

3

("DHS") letter as an exhibit to his brief on the merits. DHS wrote Leal to explain his request for "information related to the use of forensics of news broadcasting in Toledo, Ohio to identify an election conspiracy theory" had been assigned for processing (Doc. 23-1 at 1). Such information also is irrelevant to Leal's benefits eligibility.

## CONCLUSION

This Court overrules Leal's Objection (Doc. 41) and adopts the R&R (Doc. 38). The claim for benefits is denied. Pursuant to 28 U.S.C. § 1915(a)(3), this Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                   JACK ZOUHARY
                                                   U.S. DISTRICT JUDGE

February 19, 2015